UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABEL A.A.,[1] | No. 1:26-cv-04269-TLN-JDP |
| Petitioner, | A# 244-602-774 |
| v. | |
| WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on Petitioner Abel A.A.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.) Respondents filed an opposition to the Petition. (ECF No. 6.) For the reasons set forth below, the Petition is GRANTED and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

///

---

[1]    The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.   FACTUAL BACKGROUND[2]

This matter arises out of Petitioner's challenge to the lawfulness of his civil immigration detention.  About June 29, 2024, Petitioner entered the United States.  (ECF No. 1 at 4; ECF No. 6 at 1.)  The government granted him parole for two years.  (ECF No. 6 at 1.)  Petitioner's parole was not set to expire until June 29, 2026.  (*Id.* at 1 n.1.)  There is no evidence in the record that Petitioner's parole was revoked or cancelled.  (*Id.*)

Also, Petitioner has no criminal history.  (ECF No. 1 at 2; ECF No. 6-1 at 3.)

Nevertheless, on April 2, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner because, during an immigration vehicle stop, he allegedly was "unable to provide any valid immigration documentation at the time of the encounter."[3]  (ECF No. 6-3 at 1.)  Petitioner has been detained ever since.

There are no removal proceedings pending against Petitioner.  (*See* ECF No. 6-2 at 3–4; ECF No. 1 at 15.)  Respondents are currently detaining him without pursuing any process to remove him.  In immigration court, Petitioner established he is prima facie eligible for Adjustment of Status under the Cuban Adjustment Act.  (ECF No. 6-2 at 3–4.)  Consequently, on May 15, 2026, an immigration judge terminated the removal proceedings against Petitioner.[4] (*Id.*)

Petitioner has now been detained for over two months.  In that time, Respondents have not provided Petitioner with any bond hearing or custody determination hearing.  (ECF No. 1 at 5–6.)  Petitioner now challenges the lawfulness of his civil detention without a hearing.  (ECF No. 1.)

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in

---

[2]   The facts are not disputed unless otherwise noted.

[3]   Petitioner alleges that he was taken into custody in February 2026, however, Respondents provided documentation in support of the April 2, 2026 date of custody (*see* ECF No. 6-1) and there is no evidence in the record to refute that date.

[4]   Respondents' deadline to appeal is June 18, 2026.  (ECF No. 6 at 2.)

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**III.   ANALYSIS**

Petitioner claims his detention without a hearing violates the Fifth Amendment Due Process Clause.[5]  (ECF No. 1 at 7–8.)

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas,* 533 U.S. at 693.  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

*i.  Liberty Interest*

As for the first step, the Court finds Petitioner has a protectable liberty interest.

---

[5]   Petitioner also claims that his detention violates the Immigration and Nationality Act ("INA") because, without any removal proceedings, Respondents have no statutory authority to detain Petitioner.  (ECF No. 1 at 7.)  Finding relief warranted under Petitioner's procedural due process claims, the Court declines to address Petitioner's statutory claims in favor of judicial economy.

"[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'" *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause." *See Rico-Tapia v. Smith*, No. 25-CV-00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has lived in this country for nearly two years. Indeed, he was granted parole for two years, which is still valid. "[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the . . . conditions [of release]." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025) (quoting *Morrissey*, 408 U.S. at 482) (modifications in original); *see also Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *6 (N.D. Cal. Sept. 12, 2025) ("[A] noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody."). There is no evidence in the record that Petitioner's parole was revoked, cancelled, or terminated. Even if he is removable, or his liberty is revocable, his liberty is still protected by due process. *See Hernandez*, 872 F.3d at 993; *Zadvydas*, 533 U.S. at 693.

In opposition, Respondents argue Petitioner does not possess a liberty interest because his detention is mandated by 8 U.S.C. § 1225(b)(2)(A). (ECF No. 6 at 1 (citing *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953), *reaffirmed in DHS v. Thuraissigiam*, 591 U.S. 103, 139 (2020)).) However, "*Thuraissigiam*'s discussion of due process is necessarily constrained to challenges to admissibility to the United States" and "[t]he Court answered no broader question." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1171–72 (W.D. Wash. 2023). *Thuraissigiam* "does not foreclose . . . due process claims which seek to vindicate a right to a bond hearing with certain procedural protections." *Id.* at 1172.

4

Moreover, a clear exception to mandatory detention is parole.  Respondents do not explain why Respondents detained Petitioner when he has a valid grant of parole through June 29, 2026.  Finally, Respondents make no effort to justify their authority to detain Petitioner in the absence of removal proceedings.

Thus, the Court finds Respondents' arguments unavailing.  Petitioner's liberty interest remains strong and protected by due process.  The Court next turns to the procedural safeguards that were owed to Petitioner.

### ii.   Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him.  Despite his interest in maintaining his liberty, Petitioner has now been detained for over two months without the ability to work, provide for his family, and freely communicate with them.  Accordingly, this factor weighs strongly in favor of finding Petitioner's private interest has been impacted by his detention.  *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is significant given Petitioner has not received any opportunity to be heard as to the justification of his detention, either pre- or post-deprivation of liberty.  Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest in order for detention to comport with due process.  *Zadvydas*, 533 U.S. at 690.  Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future

5

immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, there are no removal proceedings against Petitioner. An immigration judge terminated Respondents' case for removal of Petitioner. Additionally, Petitioner has no criminal history and has been pursuing lawful immigration relief. Respondents do not claim that Petitioner is a danger to the public or a flight risk. Therefore, the risk that he is being detained without proper justification is high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest is nil, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). The Court cannot find any interest in detaining Petitioner in this case. Removal proceedings have been terminated; the government granted parole which is still valid; Petitioner has no criminal history and has pursued immigration relief for which he is eligible. Moreover, typical procedural safeguards — notice and custody determination hearings — are routine processes for Respondents. Any delay in detention (if justified) for the time to provide such safeguards would have been minimal. Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

The Court finds that, under these circumstances, Respondents were required to provide Petitioner notice and a pre-deprivation hearing. The United States Supreme Court "usually has held that the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). The Court describes post-deprivation remedies as the "special case" where those are "the only remedies the State could be expected to provide." *Id.* at 129. Respondents have not provided any substantive opposition to the contrary, nor do they argue that Petitioner should be a "special case."

Yet, Petitioner was not provided notice or a pre-deprivation hearing. Nor was he provided a post-deprivation hearing as to his custody in over two months. For over a month, Petitioner has languished in immigration detention while Respondents have no available path to lawfully

remove Petitioner, and Petitioner still has a valid grant of parole.  Thus, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

### IV.    CONCLUSION

Respondents detained Petitioner in violation of the Fifth Amendment.  Accordingly, IT IS HEREBY ORDERED:

1.  The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.[6]

2.  Respondents must IMMEDIATELY RELEASE Petitioner Abel A.A. (A# **244-602-774**) on his own recognizance.  At the time of release, Respondents must return all of Petitioner's documents and possessions and **provide Petitioner with a copy of this Order**.

3.  Respondents must file a **notice of compliance** with this Order by **June 12, 2026.**

4.  Respondents are ENJOINED from re-detaining Petitioner unless or until removal proceedings are instituted against him and unless Respondents comply with due process, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents show circumstances have materially changed: (a) to demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) by clear and convincing evidence, showing the government's interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990.  At any such hearing, Petitioner shall be allowed to have counsel present.

5.  The Clerk of the Court shall serve this Order on the **California City Detention Center**.

6.  The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

//

---

[6]    Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act.  (ECF No. 1 at 9.)  The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

Date: June 11, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE